**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5224-17T2

PHYLLIS FINEBERG,

 Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION AND
ANNUITY FUND,

 Respondent-Respondent.

_____

Submitted September 10, 2019 – Decided October 1, 2019

Before Judges Messano and Susswein.

On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of the Treasury.

Caruso Smith Picini, PC, attorneys for appellant (Timothy Richard Smith, of counsel; Steven J. Kaflowitz and Joseph William Tartaglia, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Austin J. Edwards, Deputy Attorney General, on the brief).

PER CURIAM

Phyllis Fineberg held multiple teaching certifications and was employed by the Union County Educational Services Commission from September 2000 until January 2015. Her position as a special education art teacher required her to rotate between two different schools for many years. Commencing in fall 2014, the Commission added a third school, Hillcrest, to Fineberg's assignments. While Fineberg had either a classroom or a storage closet at the other schools, she had neither at Hillcrest. Instead, she was required to load and push a cart of supplies from classroom to classroom, as she taught autistic and multiply-disabled children.

Each class consisted of six[-]to[-]eight students, with at least one paraprofessional aide present in each classroom. On occasion, however, Fineberg was required to physically comfort and control the children herself.

In December 2014, at the age of sixty-six, Fineberg applied to the Board of Trustees (the Board) of the Teachers' Pension and Annuity Fund (the TPAF) for ordinary disability retirement benefits, see N.J.S.A. 18A:66-39(b),[1] claiming she was unable to continue to perform her job due to physical fatigue and back

---

[1] Effective May 21, 2010, no new member of the TPAF is eligible for disability retirement benefits. L. 2010, c. 3, § 7.

pain. After she left work, Fineberg consulted a neurosurgeon who recommended spinal fusion surgery. The Board denied Fineberg's application, concluding she was "not totally and permanently disabled from the performance of her regular and assigned duties." Fineberg filed an appeal, and the matter was forwarded to the Office of Administrative Law as a contested case.

The Administrative Law Judge (ALJ) conducted hearings and heard testimony from Fineberg, and her expert, Dr. David Weiss, a board-certified orthopedic doctor also certified as an independent medical examiner. Dr. Weiss did not treat Fineberg, and rendered his report and testimony based upon his review of her records and an approximately one-hour examination. The Board called Dr. Andrew M. Hutter, a board-certified orthopedic surgeon, as its sole witness.

In a comprehensive written decision, the ALJ summarized Fineberg's testimony regarding her daily teaching activities and physical symptoms, as well as the competing expert testimony. Dr. Weiss, for example, concluded Fineberg was totally and permanently disabled by progressive degeneration of her spine and was unable to stand or sit for extended periods without pain. Dr. Hutter, on the other hand, concluded that although Fineberg indeed suffered from degenerative spinal changes, she was not permanently disabled. Dr. Hutter

based his opinion, in part, upon his review of medical records and historical diagnostic tests of Fineberg's spine, which, he opined, showed no significant changes prior to the 2014-15 school year.[2]

The ALJ found that Fineberg "suffered from age-related degenerative changes with pain and discomfort mostly in the lumbar spine." She also found that Fineberg "did not experience a medically-based or verifiable change for the 2014-[]15 school year, [but] rather . . . experienced an increase in her responsibilities . . . and a decrease in her facility support[,]" and never "requested an accommodation." The ALJ found that "losing a classroom and gaining a new school, along with its cart and closet, were more than [Fineberg] wanted to handle."

After citing the appropriate legal standards and precedent, the ALJ determined, "Dr. Hutter's expert opinion is entitled to greater weight than that of Dr. Weiss because he examined [Fineberg] closer to the date of her departure and presented better explanation of medical terms that might have otherwise

---

[2] The ALJ determined that Fineberg had not sought treatment for her back pain prior to her retirement. However, cross-examination of Dr. Hutter revealed that Fineberg had a diagnostic discogram performed in July 2012. Although Fineberg testified that she sought no treatment for back pain until after she retired, Dr. Hutter was further questioned about physical therapy Fineberg received in April 2014, apparently contradicting this factual finding.

sounded more foreboding and serious than the underlying medical conditions they actually represented." The ALJ further reasoned that even if the two experts' opinions were "equally weighted," Fineberg failed to carry her burden of proof, i.e., a preponderance of the evidence, because "the critical evidence [was] at best in equipoise."

The ALJ concluded there was "insufficient competent and objective evidence in the record [to] support the legal conclusion that [Fineberg's] age-related spinal disc changes were so painful and debilitating that she was disabled within the meaning of the . . . law from her position as an art teacher of the handicapped." She dismissed Fineberg's appeal. Fineberg filed exceptions to the ALJ's initial decision. The Board's final agency decision adopted the ALJ's recommendation, and this appeal followed.

Our review from a final decision of an administrative agency is limited. Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). We should uphold the agency's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Herrmann, 192 N.J. at 27-28). "The burden of demonstrating that the agency's action was arbitrary, capricious[,] or unreasonable rests upon the person

challenging the administrative action." Bueno v. Bd. of Trs., Teachers' Pension & Annuity Fund, 404 N.J. Super. 119, 125 (App. Div. 2008) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)).

As to the agency's factual findings, we only consider "'whether the findings made could reasonably have been reached on sufficient credible evidence present in the record' considering 'the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." In re Taylor, 158 N.J. 644, 656 (1999) (emphasis added) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)). We "do[] not substitute [our] judgment of the facts for that of an administrative agency[,]" Campbell v. N.J. Racing Commission, 169 N.J. 579, 587 (2001) (citing Clowes v. Terminix International, Inc., 109 N.J. 575, 587 (1988)), and will affirm the agency decision even if we "would have reached a different result [ourselves]." In re Young, 202 N.J. 50, 70 (2010) (quoting Clowes, 109 N.J. at 588).

Fineberg contends the Board's decision was "arbitrary and unreasonable" because "the record below supports the notion that [she] met the requirements of ordinary disability[.]" She essentially contends Dr. Weiss was a more credible witness than Dr. Hutter.

The Board's decision was "supported by sufficient credible evidence in the record as a whole." R. 2:11-3(e)(1)(D). Under our limited standard of review, we affirm substantially for the reasons expressed by the ALJ and adopted by the Board.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5224-17T2